DA 07-0440

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 132N

NELS OKSENDAHL,

      Petitioner and Appellee,

  v.

LIBERTY NORTHWEST INSURANCE CORP.,

      Respondent /Insurer and Appellant.

APPEAL FROM:    Montana Workers' Compensation Court, No. 2006-1679
                Honorable James Jeremiah Shea, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Larry W. Jones, Law Offices of Larry W. Jones, Missoula, Montana

      For Appellee:

      Victor R. Halverson, Halverson, Sheehy & Plath, P.C., Billings, Montana

Submitted on Briefs:  February 27, 2008

Decided:  April 22, 2008

Filed:

_____
                Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Liberty Northwest Insurance Corporation (Liberty) appeals from the Workers' Compensation Court's (WCC) order granting Nels Oksendahl's (Oksendahl) motion for summary judgment and holding that Oksendahl's occupational disease is compensable under the Occupational Disease Act (ODA). We affirm.

¶3 In June 2005 Oksendahl filed a First Report of Injury and Occupational Disease with Liberty claiming arthritis in his thumbs. Liberty at all relevant times was the insurer of Laughlin Construction, Oksendahl's employer. Two physicians examined Oksendahl. One stated that he could not "say to any degree of medical certainty that [Oksendahl's] basilar joint arthritis was specifically caused by any type of use of his hand, but certainly heavy use of his hands in carpentry [and] construction, would certainly aggravate the condition and perhaps accelerate it." The other doctor reported that Oksendahl's work as a carpenter and laborer contributed to a lot of stress on his thumb joints and that his work as a construction and carpentry laborer "probably contributed to the condition developing a bit faster than it would have." This doctor continued, however, that Oksendahl's work

2

contributed less than fifty percent to Oksendahl's condition. Liberty denied Oksendahl's claim.

¶4     Oksendahl filed a Petition for Hearing with the WCC. Liberty filed a motion for summary judgment and Oksendahl filed a cross motion for summary judgment. The WCC granted Oksendahl's motion and denied Liberty's. The WCC, relying on *Polk v. Planet Ins. Co.*, 287 Mont. 79, 951 P.2d 1015 (1997), *Schmill v. Liberty Northwest Ins. Corp.*, 2003 MT 80, 315 Mont. 51, 67 P.3d 290, *Hand v. Uninsured Employers' Fund,* 2004 MT 336, 324 Mont. 196, 103 P.3d 994, and *Montana State Fund v. Murray,* 2005 MT 97, 326 Mont. 516, 111 P.3d 210, concluded that Oksendahl's work significantly aggravated or contributed to his condition and therefore he was entitled to compensation for his occupational disease.

¶5     Liberty appeals the WCC's decision arguing that the court applied the incorrect standard and that under the 2003 version of the ODA Oksendahl was required to show that his employment was the proximate cause of his condition. Liberty maintains without citing authority that to establish proximate causation Oksendahl had to prove that his work was at least fifty-one percent the cause of his illness.

¶6     The sole issue before us is whether the WCC applied the correct legal standard to determine whether Oksendahl's condition was compensable. This is a legal conclusion which we review for correctness. *Murray*, ¶ 13.

¶7     In both *Polk* and *Murray,* we clearly stated our established standard—a claimant must show that occupational exposures "significantly aggravated a preexisting condition." *Polk*, 287 Mont. at 85, 951 P.2d at 1018; *Murray*, ¶ 23. We have not

3

declared an apportionment or percentage number upon which "significant aggravation" or proximate causation must hinge. In other words, we have never required a greater than fifty percent work-related aggravation for a condition to be compensable. We decline to do so here.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that substantial evidence supports the Workers' Compensation Court's findings of fact, and that the legal issues are clearly controlled by settled Montana law and that the Workers' Compensation Court correctly interpreted it.

¶9 We affirm the Judgment of the Workers' Compensation Court.

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS